## Case No. 16,755a.

### UNITED STATES v. WOOD.

[N. Y. Herald, Jan. 13, 1840.]

District Court, S. D. New York. Jan. 11, 1840.

IMPRISONMENT FOR DEBT — ACT ABOLISHING — DEBTS FRAUDULENTLY CONTRACTED — DUTIES ON IMPORTS.

[1. The act of congress abolishing imprisonment for debt applies to any continuing imprisonment or detention under arrests made prior to its enactment.]

[2. Money due the United States as duties on imports is a debt fully contracted immediately on the importation of the goods. Therefore fraud of the importer in inducing the government to accept less than the whole sum due does not make the balance a debt fraudulently contracted, so as to subject importer to arrest in a civil suit to recover such balance].

[Cited in brief in U. S. v. Hewes, Case No. 15,359.]

[This is an action of debt by the United States against Samuel Wood to recover the duty on certain importations.]

The defendant's counsel moved the court to discharge his client from the sureties he had entered into, in the civil suits which had been instituted by the district attorney, for the recovery of certain duties alleged to be due to the government. Wood was tried on an indictment for perjury. In that case the court had released his bail. [Case No. 16,751.]

The district attorney having been heard in opposition, BETTS, District Judge, delivered the judgment of the court.

In this case the defendant was arrested in the civil action before the act of congress was passed abolishing imprisonment for debt, &c. But the decisions of this court, and the first court of this district, have uniformly been, that the act applies to any continuing imprisonment or detention equally as to the first arrest. The action is debt to recover duties owing from the defendant to the United States, and is therefore in its nature within these provisions. The debt or obligation was contracted or complete on the importation made by the defendant. The United States recovered in this court, in this cause, upon the ground that the defendant came under an indebtedness to them when his importations were made, which he had not fully discharged; but that he had, by false representations, induced the United States to accept as evidence of that indebtedness — subsequently payment of it — an amount less than the true sum. The indebtedness or obligation was not fraudulently contracted, nor did it result from fraud. The fraud was directed only to a concealment of the real sum that should have been paid. I am of opinion, therefore, that the defendant is entitled to his discharge. Let an order be entered accordingly.

[See Cases Nos. 16,751 and 16,755.]